United States Courts
Southern District of Texas
FILED

*December 18, 2025*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| v. § § | |
| **SHELIBRA JONES (4):** § | Criminal No.: 24-cr-371-SS |
| Counts 1, 9, 10, 14, 15, 16, 17, 18, 20 § § | |
| **KIMBERLY PERKINS (6):** § | |
| Counts 1, 2 § § | |
| **MAGNOLIA UNDERWOOD (7):** § | |
| Counts 1, 3 § § | |
| **NICHOLAS YODER (13):** § | |
| Count 4 § § | |
| **THEANE FOSTER (14):** § | |
| Counts 4, 5 § § | |
| **CHRISTAL LOPEZ (15):** § | |
| Counts 4, 6 § § | |
| **PAMELA YODER (16):** § | |
| Counts 4, 7 § § | |
| **DELEON BORDERS (17):** § | |
| Counts 4, 8 § § | |
| **CURTIS HOLLIDAY (21):** § | |
| Count 9 § § | |
| **XAVIER FRANCIS (22):** § | |
| Count 9 § § | |
| **TIERRA CELESTINE (24):** § | |
| Count 9 § § | |
| **DERRICK WASHINGTON (27):** § | |
| Count 11 § § | |
| **DRALANJALA JOHNSON (28):** § | |
| Counts 11, 12 § | |

1

| | |
|---|---|
| **DESTYNEE WASHINGTON (29):** <br> Counts 11, 13 | § § § |
| **PATRICK BROWN (34):** <br> Count 17 | § § § § |
| **MICHAEL FORD, JR. (35):** <br> Counts 17, 18, 19 | § § § § |
| **ANTOINETTE GREEN (38):** <br> Counts 21, 22 | § § § § |
| **AMIR KHAN (46):** <br> Counts 23, 24 | § § § § |
| **RASHAD DERRICK (50):** <br> Counts 23, 25 | § § § § |
| **ROEMELLO BURROS (51):** <br> Count 26 | § § § § |
| **SHEBA MUHARIB (53):** <br> Count 27 | § § § |

## SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

1. In the Harris County criminal justice system, a defendant who is charged with a crime may be assigned a bail bond amount from a Judge. The defendant may either post this money directly to the court or may pay for the services of a bail bond company. In the case of the bail bond company, the defendant pays the bail bond company a premium, which is generally a percentage of the total bail bond amount set by the Judge of the court. The bail bond company in turn guarantees to the court that the amount set by the Judge will be paid if the defendant does not comply with the proceedings and rules of the court during the prosecution of the defendant.

2. Every bondsman, or individual who is the owner of the bail bonds company, is licensed in the State of Texas. Bondsmen can either obtain a license by showing the bail bond board that they have the assets required to guarantee the bail bond amount, or they are agents of an insurance company and are given authority to act on the insurance company's behalf.

3. The process of assessing risk for a bail bond often requires documentation of collateral, generally by documenting financial assets and liquidity, to include ownership of real estate and yearly income by third parties who agree to enter the contract between the defendant and the bail bonds company as an additional indemnified party, thereby accepting the financial obligations of paying the full bail bond amount set by the Judge in the event of forfeiture. This additional indemnified party is commonly referred to as a "co-signer" and signs a promissory note, which is a financial debt instrument.

4. When a third party co-signer enters into the contract between the defendant and bail bonds company, a defendant is subsequently able to put down less money, a percentage of the total bail bond amount set by the Judge of the court, rather than the full amount of the bond.

## OVERVIEW OF THE FRAUDULENT SCHEME

5. AABLE Bail Bonds was a bail bonding company in Harris County, Texas, and the CEO of AABLE Bail Bonds was SHEBA MUHARIB (53).

6. MUHARIB (53), doing business as AABLE Bail Bonds, was an agent of Financial Casualty & Surety (FCS). Financial Casualty & Surety maintains offices in 33 states and is engaged in interstate commerce.

7. Any review process or underwriting conducted by Financial Casualty & Surety would require the electronic transfer of documents obtained by AABLE Bail Bonds or its

representatives. Documents related to each surety bond, which are a matter of court record, would also be submitted to the Government via electronic communication.

8. AABLE Bail Bonds had a fiduciary duty to Financial Casualty & Surety to maintain documents related to each surety bond.

9. Person A, Person B, and others operated as employees of AABLE Bail Bonds.

10. Defendants below conspired with each other and with others, including at times Person A and Person B, to falsify and obtain falsified co-signer financial reports to qualify individuals, charged with criminal offenses, who would not otherwise qualify for the coverage necessary to meet the terms of their bond.

11. Defendants below conspired with each other and with others, including at times Person A and Person B, to recruit straw co-signers who represented they worked at companies or earned incomes in the falsified co-signer financial reports when in fact they did not work at the companies or earn the represented incomes. It was reasonably foreseeable that the falsified co-signer financial reports would be transmitted in interstate commerce wire communications as an attempt to show coverage necessary to meet the terms of the bonds.

12. The falsified co-signer financial reports were subsequently emailed or submitted via electronic communication, including but not limited to Bond-Pro, Inc, an electronic communications service/remote computing service provider located in Dahlonega, Georgia.

13. These fraudulent financial reports were relied upon by the Government and/or the insurance agency/agent to enter into a three-party agreement known as a surety bond.

14. By entering into the surety bond rather than having to pay the full amount of the bond to the Court, the defendants incurred a financial gain.

15. Through their fraudulent representations, the defendants intended to deprive victims, such as the Government and insurance companies, such as Financial Casualty & Surety, of money and property. The fraudulent representations made by the defendants caused a risk of harm to the insurance companies, through a greater risk that the defendants would default on their surety bonds.

## BAIL BOND NO. 1: ANTHONY PERKINS

### COUNT 1
### CONSPIRACY TO COMMIT WIRE FRAUD

16. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

17. Beginning in or about January 2021 and continuing through in or about May 2021, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

**SHELIBRA JONES (4)**
**KIMBERLY PERKINS (6)**
**MAGNOLIA UNDERWOOD (7)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for Anthony Perkins, who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

## COUNTS 2 THROUGH 3
## WIRE FRAUD

18. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

19. On or about the dates listed below, in the Houston Division of the Southern District of Texas and elsewhere, the defendants listed below did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit: a scheme and artifice to defraud to obtain a bail bond for Anthony Perkins, who was detained at the Harris County Jail, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce the wire communications identified below.

| Count | Defendant(s) | Date | Method of Wire Communication |
|---|---|---|---|
| 2 | **KIMBERLY PERKINS (6)** | 5/14/2021 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |
| 3 | **MAGNOLIA UNDERWOOD (7)** | 5/14/2021 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

## BAIL BOND NO. 2: NICHOLAS YODER

## COUNT 4
## CONSPIRACY TO COMMIT WIRE FRAUD

20. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

21. Beginning in or about September 2021 and continuing through in or about January 2022, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

**NICHOLAS YODER (13)**
**THEANE FOSTER (14)**
**CHRISTAL LOPEZ (15)**
**PAMELA YODER (16)**
**DELEON BORDERS (17)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for Co-Defendant Nicholas Yoder (13), who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

### COUNTS 5 THROUGH 8
### WIRE FRAUD

22. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

23. On or about the dates listed below, in the Houston Division of the Southern District of Texas and elsewhere, the defendants listed below did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit: a scheme and artifice to defraud to obtain a bail bond for Co-Defendant Nicholas Yoder (13), who was detained at the Harris County

7

Jail, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce the wire communications identified below.

| Count | Defendant(s) | Date | Method of Wire Communication |
|---|---|---|---|
| 5 | **THEANE FOSTER (14)** | 1/18/2022 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |
| 6 | **CHRISTAL LOPEZ (15)** | 1/18/2022 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |
| 7 | **PAMELA YODER (16)** | 1/18/2022 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |
| 8 | **DELEON BORDERS (17)** | 1/18/2022 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

**BAIL BOND NO. 3: CURTIS HOLLIDAY**

**COUNT 9**
**CONSPIRACY TO COMMIT WIRE FRAUD**

24.　　The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

25.　　Beginning in or about May 2021 and continuing through in or about December 2021, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

**SHELIBRA JONES (4)**
**CURTIS HOLLIDAY (21)**
**XAVIER FRANCIS (22)**
**TIERRA CELESTINE (24)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to devise and intend to devise a

scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for Co-Defendant Curtis Holliday (21), who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

## COUNT 10
## WIRE FRAUD

26. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

27. On or about the dates listed below, in the Houston Division of the Southern District of Texas and elsewhere, the defendants listed below did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit: a scheme and artifice to defraud to obtain a bail bond for Co-Defendant Curtis Holliday (21), who was detained at the Harris County Jail, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce the wire communications identified below.

| Count | Defendant(s) | Date | Method of Wire Communication |
|---|---|---|---|
| 10 | **SHELIBRA JONES (4)** | 11/16/2021 | Falsified paystubs submitted via electronic mail from Shelibra Jones to Person A |

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

**BAIL BOND NO. 4: DERRICK WASHINGTON**

### COUNT 11
### CONSPIRACY TO COMMIT WIRE FRAUD

28. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

29. Beginning in or about December 2021 and continuing through in or about January 2022, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

**DERRICK WASHINGTON (27)**
**DRALANJALA JOHNSON (28)**
**DESTYNEE WASHINGTON (29)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for Co-Defendant Derrick Washington (27), who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

### COUNTS 12 THROUGH 13
### WIRE FRAUD

30. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

31. On or about the dates listed below, in the Houston Division of the Southern District of Texas and elsewhere, the defendants listed below did knowingly devise and intend to devise a

scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit: a scheme and artifice to defraud to obtain a bail bond for Co-Defendant Derrick Washington (27), who was detained at the Harris County Jail, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce the wire communications identified below.

| Count | Defendant(s) | Date | Method of Wire Communication |
|---|---|---|---|
| 12 | **DRALANJALA JOHNSON (28)** | 1/19/2022 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |
| 13 | **DESTYNEE WASHINGTON (29)** | 1/19/2022 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

**BAIL BOND NO. 5: DESMAN TOLLIVER**

**COUNT 14**
**CONSPIRACY TO COMMIT WIRE FRAUD**

32.     The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

33.     Beginning in or about March 2021 and continuing through in or about July 2021, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

**SHELIBRA JONES (4)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme

11

and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for Desman Tolliver, who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

## COUNTS 15 THROUGH 16
## WIRE FRAUD

34. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

35. On or about the dates listed below, in the Houston Division of the Southern District of Texas and elsewhere, the defendants listed below did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit: a scheme and artifice to defraud to obtain a bail bond for Desman Tolliver, who was detained at the Harris County Jail, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce the wire communications identified below.

| Count | Defendant(s) | Date | Method of Wire Communication |
|---|---|---|---|
| 15 | **SHELIBRA JONES (4)** | 6/15/2021 | Falsified paystubs submitted via electronic mail from Person A to AABLE Bail Bonds |
| 16 | **SHELIBRA JONES (4)** | 7/12/2021 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

## BAIL BOND NO. 7: PATRICK BROWN

### COUNT 17
### CONSPIRACY TO COMMIT WIRE FRAUD

36. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

37. Beginning in or about August 2021 and continuing through in or about January 2022, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

**SHELIBRA JONES (4)**
**PATRICK BROWN (34)**
**MICHAEL FORD, JR. (35)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for Co-Defendant Patrick Brown (34), who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

### COUNTS 18 THROUGH 20
### WIRE FRAUD

38. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

39. On or about the dates listed below, in the Houston Division of the Southern District of Texas and elsewhere, the defendants listed below did knowingly devise and intend to devise a

13

scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit: a scheme and artifice to defraud to obtain a bail bond for Co-Defendant Patrick Brown (34), who was detained at the Harris County Jail, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce the wire communications identified below.

| Count | Defendant(s) | Date | Method of Wire Communication |
|---|---|---|---|
| 18 | **SHELIBRA JONES (4) MICHAEL FORD, JR. (35)** | 12/8/2021 | Falsified paystub submitted via electronic mail from Person A to AABLE Bail Bonds |
| 19 | **MICHAEL FORD, JR. (35)** | 1/25/2022 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |
| 20 | **SHELIBRA JONES (4)** | 1/25/2022 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

**BAIL BOND NO. 8: GERALD WILLIAMS, JR.**

**COUNT 21**
**CONSPIRACY TO COMMIT WIRE FRAUD**

40. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

41. Beginning in or about August 2021 and continuing through in or about October 2021, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

**ANTOINETTE GREEN (38)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and

14

fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for Gerald Williams, Jr., who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

## COUNT 22
## WIRE FRAUD

42. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

43. On or about the dates listed below, in the Houston Division of the Southern District of Texas and elsewhere, the defendants listed below did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit: a scheme and artifice to defraud to obtain a bail bond for Gerald Williams, Jr., who was detained at the Harris County Jail, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce the wire communications identified below.

| Count | Defendant(s) | Date | Method of Wire Communication |
|---|---|---|---|
| 22 | **ANTOINETTE GREEN (38)** | 10/27/2021 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

**BAIL BOND NO. 10: JAMES PALLADINA**

**COUNT 23**
**CONSPIRACY TO COMMIT WIRE FRAUD**

44. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

45. Beginning in or about April 2021 and continuing through in or about June 2021, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

**AMIR KHAN (46)**
**RASHAD DERRICK (50)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for James Palladina, who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

**COUNTS 24 THROUGH 25**
**WIRE FRAUD**

46. The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

47. On or about the dates listed below, in the Houston Division of the Southern District of Texas and elsewhere, the defendants listed below did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and

fraudulent pretenses, representations, and promises, to wit: a scheme and artifice to defraud to obtain a bail bond for James Palladina, who was detained at the Harris County Jail, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce the wire communications identified below.

| Count | Defendant(s) | Date | Method of Wire Communication |
|---|---|---|---|
| 24 | **AMIR KHAN (46)** | 6/22/2021 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |
| 25 | **RASHAD DERRICK (50)** | 6/22/2021 | Falsified paystub transmitted electronically to Bond Pro, Inc., located in Dahlonega, Georgia |

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

**BAIL BOND NO. 11: ROEMELLO BURROS**

**COUNT 26**
**CONSPIRACY TO COMMIT WIRE FRAUD**

48.    The Grand Jury incorporates by reference paragraphs 1 through 15 as though fully restated and re-alleged herein.

49.    Beginning in or about September 2020 and continuing through in or about June 2021, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

**ROEMELLO BURROS (51)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic

17

payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for Roemello Burros (51), who was detained at the Harris County Jail.

In violation of Title 18, United States Code, Sections 1349 and 1343.

## COUNT 27
## CRIMES BY OR AFFECTING PERSONS ENGAGED IN THE BUSINESS OF INSURANCE

50.     The allegations set forth above in this Indictment are hereby adopted, realleged, and incorporated as if set out fully herein.

51.     Beginning in or about November 2021 and continuing until in or about August 2022, in the Houston Division of the Southern District of Texas, and elsewhere,

**SHEBA MUHARIB (53)**

defendant herein, who was engaged in the business of insurance, whose activities affected interstate commerce, did willfully permit Person B to engage and participate in such business of insurance knowing that Person B had been convicted of any criminal felony involving dishonesty.

In violation of Title 18, United States Code, Sections 1033(e)(1)(B) and 2.

## NOTICE OF FORFEITURE

52.     Pursuant to Title 18, United States Code, Section 982 (a)(2)(A), the United States gives notice to the above-named defendants that in the event of conviction of the offenses charged in this Indictment, the United States intends to seek forfeiture of all property constituting or derived from proceeds obtained, directly or indirectly, as the result of such offenses.

**Money Judgment and Substitute Assets**

53. The United States gives notice that it will seek a money judgment against each defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants up to the value of the property subject to forfeiture.

A TRUE BILL:

Original Signature on File
_____
FOREPERSON OF THE GRAND JURY

NICHOLAS J. GANJEI
United States Attorney, Southern District of Texas

By:

*Michael E. Day*
Michael E. Day
Stephanie Bauman
Assistant United States Attorneys